UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff<br><br>  v.<br><br>MICHAEL A. JOHNSON,<br><br>  Defendant. | CASE NO. CR10-00024RSM<br><br>ORDER GRANTING MOTION FOR RESENTENCING |

This matter comes before the Court on Defendant Michael A. Johnson's Motion for Resentencing, filed under 28 U.S.C. § 2255. Dkt. #134. In August 2021, a Washington State court vacated Mr. Johnson's earlier conviction for Unlawful Possession of a Controlled Substance (Methamphetamine) in light of *State v. Blake*, 481 P.3d 521 (Wash. 2021). Given this fact and controlling law, the Government agrees he is entitled to resentencing. Dkt. #135. No evidentiary hearing is required.

In 2010, Defendant Michael A. Johnson was convicted of Conspiracy to Distribute Methamphetamine, Possession of Methamphetamine with Intent to Distribute, Felon in Possession of a Firearm, and Felon in Possession of Explosives. The Government filed an enhanced penalty information (Dkt. #24) stating that Johnson had a prior conviction for a "felony drug offense"—a 2008 Washington conviction for Unlawful Possession of a Controlled Substance (Methamphetamine)—which elevated the mandatory-minimum sentences for

ORDER GRANTING MOTION FOR RESENTENCING – 1

conspiracy and possession-with-intent from 10 and 5 years to 20 and 10 years, respectively. 21 U.S.C. §841(b)(1)(A), (b)(1)(B) (2010). The Court sentenced Johnson to 240 months confinement, the mandatory-minimum for the conspiracy count (this sentence was not apportioned among the other counts), followed by 10 years of supervised release. Dkt. #91. Johnson's convictions and sentence were affirmed on appeal. *United States v. Johnson*, 469 F. App'x 632 (9th Cir. 2012).

In August 2021, a Washington state court vacated Mr. Johnson's conviction for Unlawful Possession of a Controlled Substance (Methamphetamine) in light of *Blake*, *supra*, which held that Washington's drug-possession statute is unconstitutional. Dkt. #134-2. Mr. Johnson now moves to vacate his 240-month sentence pursuant to 28 U.S.C. §2255, arguing that because his predicate conviction has been vacated he is actually innocent of his enhanced mandatory-minimum sentence. Dkt. #134.

The Ninth Circuit has held that if a prior conviction used to enhance a mandatory federal sentence is later determined not to be a qualifying predicate due to an intervening event, the defendant is "actually innocent" of the enhanced sentence and may challenge that sentence in a federal habeas proceeding. *Allen v. Ives*, 950 F.3d 1184, 1188-90 (9th Cir. 2020).

The Court agrees with the parties that Mr. Johnson is entitled to resentencing. Since he is incarcerated he meets the "custody" requirement of the habeas corpus statute. Additionally, while this is Johnson's second §2255 motion, *see* Dkt. #108, the Ninth Circuit has ruled that because the factual predicate for his current motion did not exist when his prior motion was filed, this is not a "second or successive motion" within the meaning of 28 U.S.C. §2255(h). Mr. Johnson's §2255 motion was filed within a year of the date his state conviction was vacated, so his motion is timely. The parties agree that the state conviction used to enhance his mandatory-

ORDER GRANTING MOTION FOR RESENTENCING – 2

minimum sentences has been vacated.  A conviction vacated as unconstitutional is not a "conviction" within the meaning of 21 U.S.C. §841(b). *Cf. United States v. Norbury*, 492 F.3d 1012, 1015 (9th Cir. 2007). Mr. Johnson does not have a "prior conviction for a felony drug offense" and thus is now ineligible for the enhanced 240-month mandatory-minimum sentence he received.

Having reviewed the briefing for this Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion, Dkt. #134, is GRANTED.  Michael A. Johnson, Register No. 13129-085, presently in custody of the Bureau of Prisons placed at USP Terre Haute, Indiana, shall be returned by the United States Marshals Service to this district and remain in custody at FDC SeaTac pending further order of this Court.  Upon return to this district this matter shall be set before the Court for resentencing consistent with the above.  Briefing from the parties on the re-sentencing is due no later than **thirty (30) days** from the date of this Order.

DATED this 11th day of July, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR RESENTENCING – 3